UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON "J. LEE" SUTTON,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>RAMON RUIZ,<br><br>　　　　　　　　Defendant. | NO:  13-CV-5064-TOR<br><br>ORDER ON PENDING PROCEDURAL MOTIONS |

BEFORE THE COURT are the following motions: (1) Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 40); (2) Plaintiff's Motion for Extension of Time to Respond (ECF No. 53) and for Leave to File Excess Pages (ECF No. 59); (3) Defendant's Motion to Stay Discovery (ECF No. 54); Plaintiff's Motion to Take Depositions (ECF No. 37); (5) Plaintiff's Second Motion for Appointment of Counsel (ECF No. 34); and (6) Plaintiff's Motion for Relief Regarding Confinement in Segregation (ECF No. 47).  These matters were

ORDER ON PENDING PROCEDURAL MOTIONS ~ 1

submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

## DISCUSSION

### A. Plaintiff's Motion for Appointment of Counsel

Plaintiff filed a second motion for appointment of counsel on October 31, 2013. ECF No. 34. In this motion, Plaintiff asserts that he is unable to represent himself due to an injury to his right hand sustained during an altercation with another inmate. Plaintiff asserts that his hand "is in constant pain, and [the pain] becomes worse when he tries to draft [legal] documents." ECF No. 34 at 4, ¶ 2. Plaintiff further asserts that this impairment makes it difficult for him to prepare and file documents in a timely manner. ECF No. 34 at 4, ¶¶ 3-4.

The motion for appointment of counsel is denied. Appointment of counsel under 28 U.S.C. § 1915(e)(1) is reserved for "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In evaluating whether exceptional circumstances are present, a court must evaluate "both the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quotation and citation omitted). This is not a particularly complex case, and Plaintiff has demonstrated a strong ability to articulate his claims *pro se*. It is difficult to assess Plaintiff's likelihood of success on the merits at this early stage of the case, but it does not appear that

his claims are exceptionally meritorious. If Plaintiff believes his hand impairment will cause him to miss a particular filing deadline, he may move to extend that deadline for a reasonable amount of time. Any such motion will be granted only upon a showing of good cause.

### B. Defendant's Motion to Stay Discovery

Defendant asks the Court to stay discovery pending a decision on his motion to dismiss. ECF No. 54. Because Defendant seeks dismissal of this action (at least in part) on qualified immunity grounds, a stay of discovery pending resolution of that issue is appropriate. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Discovery in this matter is hereby **STAYED** until further order of the Court.

### C. Plaintiff's Motion for Leave to Take Depositions

Plaintiff seeks leave to take the depositions of two fellow offenders housed in the Washington State Penitentiary. Plaintiff asserts that these witnesses "may have important details, and evidence to reveal to the plaintiff, and eventually the Court." ECF No. 37 at 4 ¶ 2. As noted above, discovery may not proceed until after the Court has ruled on Defendant's pending motion to dismiss. Plaintiff's motion for leave to conduct depositions is therefore denied with leave to renew at an appropriate time.

//

//

**D. Plaintiff's Motion for Relief re: Confinement in Segregation**

Plaintiff asserts that he has experienced difficulties sending legal mail since being transferred to the Washington State Penitentiary's Intensive Management Unit ("IMU") on October 23, 2013, following an altercation with another inmate. ECF No. 47 at 2. According to Plaintiff, the primary reason for his difficulties is that he "is not on the indigent list." ECF No. 47 at 3, ¶ 6. Plaintiff further asserts that prison officials have not responded in a timely manner to his requests to have legal materials photocopied. ECF No. 47 at 3, ¶ 10.

In response, Defendant indicates that Plaintiff was placed on the "indigent" list shortly after he filed the instant motion when his prisoner trust account balance fell below $10.00. ECF No. 49 at 6. Defendant has also submitted records which indicate that Plaintiff has successfully mailed fourteen (14) pieces of legal mail since being transferred to the IMU. ECF No. 50 at 4, ¶ 10. Finally, Defendant submits that the delays Plaintiff may have experienced in obtaining photocopies of legal materials were primarily the result of Plaintiff requesting assistance from his counselor before his materials were ready to be copied. ECF No. 51 at 2, ¶ 5.

It appears from the foregoing that Plaintiff's concerns have been resolved. Accordingly, the Court will deny the motion with leave to renew in the event that Plaintiff experiences problems in the future. Plaintiff is advised that any future

motion must be accompanied by evidence that Plaintiff attempted to resolve the problem through the prison's grievance system and was unable to do so.

### E. Motions for Extension and For Leave to File Excess Pages

Plaintiff has moved for an extension of time to respond to Defendant's pending motion to dismiss and for leave to file an over-length response. ECF Nos. 53 and 59. Defendant has not objected to either request. ECF Nos. 55 and 60. Accordingly, the motions are granted. Plaintiff shall file his response **on or before February 21, 2014**. The response shall not exceed **forty (40) pages**. Defendant may file an optional reply on or before **March 7, 2014**.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Extension of Time to Respond (ECF No. 53) is **GRANTED**. Plaintiff shall file his response to Defendant's motion to dismiss **on or before February 21, 2014**. Defendant may file an optional reply on or before **March 7, 2014**.

2. Plaintiff's Motion for Leave to File Excess Pages (ECF No. 59) is **GRANTED**. Plaintiff's response to Defendant's motion to dismiss shall not exceed **forty (40) pages**.

3. Defendant's Motion to Stay Discovery (ECF No. 54) is **GRANTED**. Discovery in this matter is hereby **STAYED** until further Order of the Court.

motion must be accompanied by evidence that Plaintiff attempted to resolve the problem through the prison's grievance system and was unable to do so.

### E. Motions for Extension and For Leave to File Excess Pages

Plaintiff has moved for an extension of time to respond to Defendant's pending motion to dismiss and for leave to file an over-length response. ECF Nos. 53 and 59. Defendant has not objected to either request. ECF Nos. 55 and 60. Accordingly, the motions are granted. Plaintiff shall file his response **on or before February 21, 2014**. The response shall not exceed **forty (40) pages**. Defendant may file an optional reply on or before **March 7, 2014**.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Extension of Time to Respond (ECF No. 53) is **GRANTED**. Plaintiff shall file his response to Defendant's motion to dismiss **on or before February 21, 2014**. Defendant may file an optional reply on or before **March 7, 2014**.

2. Plaintiff's Motion for Leave to File Excess Pages (ECF No. 59) is **GRANTED**. Plaintiff's response to Defendant's motion to dismiss shall not exceed **forty (40) pages**.

3. Defendant's Motion to Stay Discovery (ECF No. 54) is **GRANTED**. Discovery in this matter is hereby **STAYED** until further Order of the Court.

4. Plaintiff's Motion to Take Depositions (ECF No. 37) is **DENIED**.

5. Plaintiff's Second Motion for Appointment of Counsel (ECF No. 34) is **DENIED**.

6. Plaintiff's Motion for Relief Regarding Confinement in Segregation (ECF No. 47) is **DENIED** with leave to renew.

7. The Court will **RESERVE RULING** on Defendant's Motion to Dismiss (ECF No. 40) until all briefing has been completed.

The District Court Executive is hereby directed to enter this Order, provide copies to counsel and to Plaintiff, and <u>set a case management deadline for March 10, 2014</u>.

**DATED** January 15, 2014.



THOMAS O. RICE
United States District Judge

ORDER ON PENDING PROCEDURAL MOTIONS ~ 6