1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   JASON "J. LEE" SUTTON,

8                          Plaintiff,          NO:  13-CV-5064-TOR

9        v.                                    ORDER GRANTING DEFENDANT'S
                                               MOTION TO DISMISS WITH LEAVE
10  RAMON RUIZ,                                TO AMEND

11                         Defendant.

12

13        BEFORE THE COURT is Defendant's Motion to Dismiss for Failure to

14  State a Claim (ECF No. 40).  This matter was submitted for consideration without

15  oral argument.  The Court has reviewed the briefing and the record and files

16  herein, and is fully informed.

17                          BACKGROUND

18        Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, alleges that

19  Defendant violated his Eighth Amendment right to be free from cruel and unusual

20  punishment by naming him as the source of information that resulted in another

ORDER GRANTING MOTION TO DISMISS ~ 1

inmate being issued a serious infraction.  According to Plaintiff, this disclosure caused him to be labeled a "snitch," which in turn has caused him to be harassed and threatened by other inmates.  Plaintiff also asserts a state law claim for violations of Washington's Public Records Act arising from Defendant's failure to redact his name from the infraction report.

Defendant now moves to dismiss Plaintiff's constitutional claim for failure to exhaust administrative remedies and on qualified immunity grounds.  Defendant also moves to dismiss Plaintiff's Public Records Act claim for failure to state a claim.

For the reasons discussed below, the Court will dismiss Plaintiff's Eighth Amendment claim with leave to amend.  Since Plaintiff's claim for violations of the Washington Public Records Act fails as a matter of law, that claim will be dismissed with prejudice.

FACTS[1]

Plaintiff Jason "J. Lee" Sutton ("Plaintiff") was, at all times relevant to this lawsuit, a prisoner residing at the Washington State Penitentiary in Walla Walla,

---

[1] The following facts are drawn from Plaintiff's Amended Complaint and the materials attached thereto, and are accepted as true for purposes of this motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Washington.  On or about September 17, 2011, Plaintiff observed a fellow inmate

enter another inmate's cell "in a manner that suggested that there may possibly

[have been] a fight in progress, or possibly something worse going-on [sic]."  Pl.'s

Am. Compl., ECF No. 25 at 5, ¶ 1.  After taking some time to consider what he

had observed, Plaintiff reported his observations to corrections officer Defendant

Ramon Ruiz ("Defendant").  Pl.'s Am. Compl., ECF No. 25 at 5-6, ¶¶ 2-6.

Defendant thanked Plaintiff for reporting his concerns and summoned other

officers to investigate.  Pl.'s Am. Compl., ECF No. 25 at 6, ¶ 7.

An initial "security check" of the cell in question revealed nothing out of the

ordinary.  Pl.'s Am. Compl., ECF No. 25 at 5-6, ¶ 8-9.  A few minutes later,

however, Defendant caught inmate Howard Richardson ("Richardson") leaving a

cell assigned to inmate Travis Newell ("Newell") as Plaintiff and his unit departed

for the recreation yard.  Pl.'s Am. Compl., ECF No. 25 at 6, ¶ 10.  Defendant

issued Richardson a "serious infraction" for having been found in another inmate's

cell.  Pl.'s Am. Compl., ECF No. 25 at 6, ¶ 11.  The infraction report served on

Richardson listed Plaintiff as the source of the tip which led to Richardson being

caught.  Pl.'s Am. Compl., ECF No. 25 at 7, ¶¶ 12-13.  Specifically, the report

states:

> On 9/17/11 at approximately 1820 hours, [inmate] Sutton, Jason . . .
> notified myself [Defendant Ruiz] while working in the Control Booth
> in Rainer unit, that he thought he saw another inmate entering RA209
> after mainline and to keep an eye open to catch him at the yard gate.

ORDER GRANTING MOTION TO DISMISS ~ 3

1
2
3
4

> At that point, I contacted the floor officers to conduct a tier check, nothing was found during this tier check. I then ran a yard gate, when I opened the cell door in RA209 inmate Richardson, Howard came out of RA209 where inmate Newell, Travis lives. [Inmate] Richardson lives in RA211. [Inmate] Richardson was placed in restraints and escorted to the holding cell[.]

5    ECF No. 25-1.

6    Richardson and Newell subsequently "repeated this damaging evidence to
7    other Prisoners' [sic] as well, thereby intending to cause the Plaintiff physical
8    harm, or other forms' [sic] of exploitation." Pl.'s Am. Compl., ECF No. 25 at 7,
9    ¶ 17. Plaintiff asserts that, as a result of Defendant's conduct, he is now "in a
10   situation in which he is subject to constant teasing, bullying, harassment, and the
11   possible threats' [sic] to his physical well being [sic], due to being 'Outed,'and
12   'Exposed[.]'" Pl.'s Am. Compl., ECF No. 25 at 8, ¶ 18. He further asserts that he
13   "is suffering from the daily fear(s) of possible physical harm to his person, which
14   cannot justify, or serve to promote a penological purpose." Pl.'s Am. Compl., ECF
15   No. 25 at 8, ¶ 20.

16                                    DISCUSSION

17   A motion to dismiss for failure to state a claim tests the legal sufficiency of
18   the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To
19   withstand dismissal, a complaint must contain "enough facts to state a claim to
20   relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

ORDER GRANTING MOTION TO DISMISS ~ 4

(2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

In ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to

ORDER GRANTING MOTION TO DISMISS ~ 5

the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit.  *Id.*  The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences.  *Id.*

The Ninth Circuit has repeatedly instructed district courts to "grant leave to amend even if no request to amend the pleading was made, unless ... the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The standard for granting leave to amend is generous—the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  In determining whether leave to amend is appropriate, a court must consider the following five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

## A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust their administrative remedies prior to filing constitutional claims in federal court. The applicable statute provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The purpose of this exhaustion requirement is twofold. First, exhaustion "gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (internal quotation and citation omitted). Second, exhaustion promotes efficient resolution of claims, which "generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.*

Although the PLRA does not define the phrase "action ... brought with respect to prison conditions," the Supreme Court has construed the exhaustion requirement broadly to apply to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion under § 1997e(a) "demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90-91. The prisoner must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009).

Failure to exhaust administrative remedies under the PLRA "is an affirmative defense the defendant must plead and prove." *Albino v. Baca*, --- F.3d ---, 2014 WL 1317141 (9th Cir. 2014) (en banc) (citation omitted) (overruling

ORDER GRANTING MOTION TO DISMISS ~ 7

*Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)).  In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6).  *Albino*, 2014 WL 1317141 at 1.  Otherwise, defendants must produce evidence proving failure to exhaust in order to carry their burden.  *Id*.  If evidence in the record permits, a motion for summary judgment is the appropriate procedural device to resolve this issue.  *See id*., at 4.

Defendant contends that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies because Plaintiff filed an untimely grievance of the challenged conduct.  ECF No. 40 at 7-10.  Plaintiff concedes that his grievance was untimely, but argues that this deficiency should be overlooked because (1) he reasonably believed that the issue was non-grievable; and (2) corrections officers advised him to wait until after an "internal investigation" had been completed to file a grievance.  ECF No. 65 at 3-4.

The Court finds Plaintiff's latter argument persuasive.  Plaintiff asserts that he immediately approached his assigned "counselor" upon learning that he was identified by name in the serious infraction issued to Richardson.  ECF No. 65 at 4.  According to Plaintiff, the counselor agreed to initiate an "internal investigation" and advised Plaintiff to wait until after the investigation had been completed to file a grievance.  ECF No. 65 at 4.  By the time it became clear that no internal

investigation was being performed, Plaintiff asserts, the deadline to file a formal grievance had already passed.  Defendant has not responded to these assertions.

If accepted as true, Plaintiff's version of events establishes that prison officials materially impeded Plaintiff's efforts to file a timely grievance.  Under these circumstances, the affirmative defense would not be available to Defendant. *See Nunez v. Duncan*, 591 F.3d 1217, 1224-26 (9th Cir. 2010) (holding that prison officials were estopped from asserting exhaustion of administrative remedies defense where they had "stymied" plaintiff's efforts to pursue a grievance); *Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002) (rejecting failure to exhaust defense where prison officials allegedly told plaintiff he could not file a formal grievance until after an investigation had been completed, but failed to tell him when that event occurred).

However, according to *Albino* this issue is not procedurally, properly before the Court for resolution.  *See Albino v. Baca*, 2014 WL 1317141 at 6 ("A summary judgment motion made by either party may be, but need not be, directed solely to the issue of exhaustion.  If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue.").  Defendant's motion to dismiss on this ground is therefore denied.

ORDER GRANTING MOTION TO DISMISS ~ 9

**B. Qualified Immunity**

Plaintiff asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment under 42 U.S.C. § 1983 arising from Defendant's act of naming him as the source of incriminating information that resulted in another inmate being disciplined.  According to Plaintiff, Defendant's decision to name him in the serious infraction report issued to the other inmate exposed him as an "informant/snitch" to the prison community.  Plaintiff asserts that he has since been subjected to "constant teasing, bullying, harassment, and the possible threats' [sic] to his physical well being [sic]."  Pl.'s Am. Compl., ECF No. 25, at ¶ 18.

Defendant has moved for dismissal of this claim on qualified immunity grounds.  Qualified immunity shields government actors from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  The purpose of qualified immunity is to "strike a balance between the competing need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (en banc).

In evaluating a claim of qualified immunity, a court must consider: (1) whether the facts, viewed in the light most favorable to the plaintiff, show that the

ORDER GRANTING MOTION TO DISMISS ~ 10

defendant's conduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged violation such that a reasonable person in the defendant's position would have understood that his actions violated that right. *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001). Courts may address these questions in either order. *Pearson*, 555 U.S. at 236. If the answer to either question is "no," then the defendant is entitled to qualified immunity. *Glenn v. Wash. Cnty.*, 673 F.3d 864, 870 (9th Cir. 2011).

     1. <u>Plaintiff Has Not Stated a Claim for a Violation of His Eighth Amendment Right to be Free from Cruel and Unusual Punishment</u>

The Eighth Amendment requires prison officials to take reasonable steps to protect inmates from physical abuse at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To state a claim for a violation of this duty, a prisoner must allege that prison officials were "deliberately indifferent" to his or her safety. *Id.* at 835. Deliberate indifference "entails something more than mere negligence," but something less than "acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. The operative inquiry is whether a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837.

As the Supreme Court held in *Farmer*, a prison official must have *actual* knowledge of the risk to the inmate's safety. *Id.* Because the Eighth Amendment

prohibits cruel and unusual punishments rather than cruel and unusual conditions, a prisoner asserting a deliberate indifference claim must allege that a prison official subjectively understood the risk to his or her safety and consciously disregarded it. *Id.* at 838-39.  Allegations to the effect that an official *should have* understood the risk are insufficient to state a claim for deliberate indifference because an official's mere failure to perceive a risk does not involve punishment.  *See id.* at 838 ("An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage . . . [b]ut an official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of  punishment.").

On the other hand, an inmate asserting a deliberate indifference claim need not prove actual knowledge directly.  Indeed, a prison official's knowledge of a particular risk is "subject to demonstration in the usual ways, including inference from circumstantial evidence." *Id.* at 842.  Thus, an inmate may establish actual knowledge "from the very fact that the risk was obvious." *Id.*

> For example, if an [inmate] presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus "must have known" about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

1    *Id.* at 842-43 (citation and quotation omitted).

2        Having thoroughly reviewed the Amended Complaint, the Court finds that

3    Plaintiff has failed to plausibly allege that Defendant was actually aware of the

4    alleged risk to Plaintiff's safety when he identified Plaintiff as the source of

5    information in offender Richardson's infraction report.  Absent from the Amended

6    Complaint are any facts from which an inference of actual knowledge could be

7    drawn.  Plaintiff has not alleged, for example, that there have been documented

8    instances of inmates in his position being attacked on prior occasions.  Nor has

9    Plaintiff alleged that Defendant was actually aware of any such attacks when he

10   drafted the infraction report issued to offender Richardson.  At best, Plaintiff's

11   allegations establish that Defendant "should have known" that identifying Plaintiff

12   by name would place him at substantial risk of being attacked by other inmates.

13   This is insufficient to state a claim for deliberate indifference under the Eighth

14   Amendment.  *Farmer*, 511 U.S. at 838.

15       Additionally, the Court finds that Plaintiff has failed to allege a sufficiently

16   serious threat to his physical safety.  Aside from a handful of conclusory assertions

17   that he has been placed "in a very dangerous situation[] and environment," *see*

18   Pl.'s Am. Compl., ECF No. 25, at 7, ¶ 18, Plaintiff has not alleged specific facts

19   from which the Court could infer an "excessive risk" to Plaintiff's health or safety.

20   *Id.* at 837.  Indeed, the crux of Plaintiff's present allegations is that he has been

subjected to "constant teasing, bullying, harassment, and possible threats' [sic] to

his well being," and that he "suffers daily from the constant teasing, and taunts'

[sic] of other Prisoners' / Offenders' [sic]."  Pl.'s Am. Compl., ECF No. 25, at 7-8,

¶¶ 18-19.  These allegations do not state a claim for a violation of Plaintiff's Eighth

Amendment rights.  *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996)

("[V]erbal harassment generally does not violate the Eighth Amendment.");

*Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (explaining that prison conditions

which fall short of "depriv[ing] inmates of the minimal civilized measure of life's

necessities" do not violate the Eighth Amendment).

In his response to Defendant's motion to dismiss, Plaintiff indicates that he

was involved in an altercation with an inmate named James Reeder on October 22,

2013.  ECF No. 65 at 20-21.  Plaintiff asserts that he had been "harass[ed] and

bull[ied]" by inmate Reeder on prior occasions after his accusations against inmate

Richardson became widely known.  ECF No. 65 at 20.  According to Plaintiff, the

October 22 incident began when inmate Reeder "walk[ed] across the dining room

to the Plaintiff's meal table . . . place[d] his hand on the table (in fists), and ma[de]

threatening gestures, and comments."  ECF No. 65 at 20 (emphasis in original).

Plaintiff then "stood-up to face his bully, and verbally requested that Offender

Reeder leave him alone, and walk away/leave."  ECF No. 65 at 20.  Inmate Reeder

refused to leave, and then "reached into his pocket for (what appeared to Plaintiff

ORDER GRANTING MOTION TO DISMISS ~ 14

1    to be) a weapon of some kind." ECF No. 65 at 20.  Fearing that inmate Reeder

2    intended to harm him, Plaintiff launched a preemptive attack.  ECF No. 65 at 20.

3         In light of this development, which occurred after Plaintiff filed his

4    Amended Complaint, the Court deems it appropriate to grant Plaintiff leave to

5    further amend.  If alleged with sufficient particularity in a Second Amended

6    Complaint, this incident could potentially support an Eighth Amendment claim for

7    either a completed violation or for injunctive relief.  If Plaintiff elects to file a

8    Second Amended Complaint, he should specifically address the deficiency

9    discussed above—*i.e.*, the absence of facts from which Defendant Ruiz' actual

10   knowledge of the alleged risk to Plaintiff's safety could be inferred.  To the extent

11   that Plaintiff wishes to pursue only injunctive relief, he must plausibly allege a

12   *continuing* deliberate indifference to a serious risk to his physical safety.  *See*

13   *Farmer*, 511 U.S. at 847 (to state a claim for injunctive relief under the Eighth

14   Amendment, an inmate must allege facts from which a court can infer that prison

15   officials are presently disregarding an intolerable risk and will continue to do so

16   throughout the litigation).

17         Plaintiff's Amended Complaint is hereby dismissed.  Plaintiff is granted

18   leave to file a Second Amended Compliant on or before **May 30, 2014**.

19   ///

20   ///

ORDER GRANTING MOTION TO DISMISS ~ 15

2.  <u>The Court Will Defer Ruling on the Clearly Established Law Prong of</u>
    <u>the Qualified Immunity Analysis</u>

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, --- U.S. ---, 131 S. Ct. 2074, 2083 (2011) (alterations and citation omitted).  There is no requirement that the "very action in question has previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).  All that is required is that "existing precedent must have placed the statutory or constitutional question beyond debate." Al-Kidd, 131 S. Ct. at 2083.  In short, "[i]f the law did not put the officer on notice that his conduct would be *clearly unlawful*, summary [dismissal] based on qualified immunity is appropriate." *Saucier*, 533 U.S. at 202 (emphasis added).

Given that the Court has granted Plaintiff leave to amend, a ruling on whether Defendant violated clearly-established law would be premature. Accordingly, the Court will defer ruling on the issue until Plaintiff has had an opportunity to further develop his allegations.

**C. Claim for Violations of the Washington Public Records Act**

Plaintiff alleges that Defendant violated the Washington Public Records Act ("PRA"), RCW 42.56.010 *et seq.*, "when he chose to expose (in writing) and then

reveal the identity of the Plaintiff as the Witness/Informant to Offender

Richardson." Pl.'s Am. Compl., ECF No. 25, at 12, ¶ 7.[2]  The thrust of this claim

is that the infraction report was a public record from which Plaintiff's identity was

required to have been redacted pursuant to RCW 42.56.210.  ECF No. 65 at 13.

As relevant here, RCW 42.56.210 provides that "the exemptions of this

chapter are inapplicable to the extent that information, the disclosure of which

would violate personal privacy or vital government interests, can be deleted from

the specific records sought."  RCW 42.56.210(1).  In essence, RCW 42.56.210(1)

mandates that public records containing "personal information that employees

would not normally share with strangers," which are otherwise exempt from

disclosure, *see King Cnty. v. Sheehan*, 114 Wash. App. 325, 342 (2002), be

disclosed if the affected person's right to privacy can be protected by redacting

sensitive portions of the document.

This provision of the PRA is inapplicable for the simple reason that the

infraction report in question was not the subject of a public records act request.  As

a result, Plaintiff lacks standing to pursue an alleged violation of RCW 42.56.210.

*See Wood v. Lowe*, 102 Wash. App. 872, 878-79 (2000) (remedies for violations of

---

[2] The Amended Complaint also alleges a violation of 5 U.S.C. § 552 arising from

the same conduct, but Plaintiff has since abandoned this claim.  ECF No. 65 at 30.

ORDER GRANTING MOTION TO DISMISS ~ 17

PRA not available when no request for information under the PRA has been filed); *Beal v. City of Seattle*, 150 Wash. App. 865, 876 (2009) (holding that plaintiffs lacked standing to pursue action for violations of PRA where plaintiffs had not submitted a public records request cognizable under the PRA). This claim must therefore be dismissed. Because leave to amend would be futile, the claim will be dismissed with prejudice.

**IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 40) is **GRANTED**. Plaintiff's Eighth Amendment claim is **DISMISSED** with leave to amend on or before **May 30, 2014**. Plaintiff's claim for violations of the Washington Public Records Act is **DISMISSED** with prejudice.

**PLAINTIFF IS CAUTIONED IF HE FAILS TO AMEND WITHIN THE TIME PERMITTED, THE COURT WILL DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).** Pursuant to 28 U.S.C. § 1915(g), a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1        The District Court Executive is hereby directed to enter this Order and

2   provide copies to counsel and to Plaintiff at his address of record.

3        **DATED** April 28, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION TO DISMISS ~ 19