UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON "J. LEE" SUTTON,<br><br>                Plaintiff,<br><br>     v.<br><br>RAMON RUIZ, Washington State Department of Corrections Officer; SCOTT LOWDER, in his individual and official capacity; and STEPHEN D. SINCLAIR, in his individual and official capacity,<br><br>                Defendants. | No.   2:13-CV-5064-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendants' Motion to Dismiss and Memorandum in Support, ECF No. 72. Defendants ask the Court to dismiss Plaintiff's Second Amended Complaint, ECF No. 70, under Federal Rule of Civil Procedure 12(b)(6). Having reviewed the pleadings and the file in this matter, the Court is fully informed and will grant in part and deny in part Defendants' Motion to Dismiss.

//

/

ORDER **-** 1

I.     **BACKGROUND**

**A.    Procedural History.**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, had his Amended Complaint, ECF No. 25, dismissed for failure to state a claim. *See* ECF No. 69. The Court dismissed his Washington Public Records Request Act claim with prejudice, but gave Plaintiff leave to amend his complaint on his Eighth Amendment claim. ECF No. 69 at 15, 18. Specifically, the Court indicated that Plaintiff could possibly survive dismissal if he pled sufficient facts demonstrating that Defendants knew of the alleged risk to Plaintiff's safety and if he pled sufficient facts regarding an incident involving a physical confrontation with another inmate. ECF No. 69 at 14-15.

Plaintiff filed a Second Amended Complaint ("complaint"), ECF No. 70, on May 22, 2014. In addition to Ramon Ruiz, the original named Defendant, Plaintiff has also added Bernard Warner, the Secretary of the Washington State Department of Corrections, Stephen D. Sinclair, the Superintendent of the Washington State Penitentiary, and Scott Lowder, the Shift Lieutenant at the Washington State Penitentiary in Walla Walla,[1] as Defendants in the action. Plaintiff reasserts his claims under 42 U.S.C. § 1983, arguing primarily that Defendants violated his Eighth Amendment right to be free from cruel and

---

[1] Plaintiff is currently incarcerated at this correctional facility.

unusual punishment by (1) issuing an infraction report that named him as an informant and (2) failing to take any action to protect him once informed of the dangers he faced as a result of being labeled a "snitch" due to the infraction report. Plaintiff also argues that this conduct violated the Washington Administrative Code and constitutes negligence under state law.[2] ECF No. 70, at 33-40.

Defendants have asked the Court to dismiss Plaintiff's various claims under Rule 12(b)(6). ECF No. 72. Specifically, Defendants argue that Plaintiff has failed to state an Eighth Amendment claim because he has not satisfied either the objective or subjective components necessary to maintain such an action. ECF No. 72 at 10-13. Defendants also argue that Plaintiff has failed to establish a violation of the Washington Administrative Code because two of the sections that Plaintiff relies on are inapplicable and the third permits prison officials to include the names of witnesses on infraction reports. ECF No. 72 at 13-14. Finally, Defendants argue that Plaintiff has failed to establish a state law negligence claim because he has not complied with statutory requirements necessary to maintain a tort claim against the state.[3] ECF No. 72 at 14-15.

In addition, Defendants Sinclair and Lowder argue that Plaintiff has not established their personal participation, which warrants dismissal of Plaintiff's

---

[2] Plaintiff lists seven causes of action in his Second Amended Complaint. ECF No. 70 at 33-40. A liberal construction of his complaint, however, leads this Court to discern these three actionable claims.

[3] Plaintiff has subsequently conceded his state law negligence claim. *See* ECF No. 77 at 19.

ORDER **-** 3

1  claims against them. ECF No. 72 at 15-16. In the alternative, all Defendants argue
2  that they are entitled to qualified immunity from damages. ECF No. 72 at 17-19.

3        The additional facts pled by Plaintiff have sufficiently cured the
4  deficiencies present in his first complaint to survive Defendants' 12(b)(6) motion
5  on the Eighth Amendment claim. However, Plaintiff has failed to state a claim
6  against Defendant Sinclair and his other claims fail. Accordingly, Defendant's
7  Motion to Dismiss, ECF No. 72, is granted in part and denied in part.

8  **B.   Factual History.[4]**

9        On or about September 17, 2011, Plaintiff observed an inmate enter another
10 inmate's cell, which was against prison rules. ECF No. 70 at 17. Suspecting a
11 fight or some other dangerous conduct, Plaintiff reported what he had seen to
12 Defendant Ramon Ruiz, a corrections officer on duty at the time. *Id.* After a brief
13 investigation, Ruiz determined that there had been a violation of prison rules,
14 documented the inmates' misconduct in an infraction report, and submitted it to
15 his superiors for review. *Id.* at 18. Defendant Scott Lowder reviewed the
16 infraction report, approved it as written, and ordered that it be served on the
17 infracting inmate. *Id.* Though the infraction report listed Plaintiff as an informant,

18

---

19 [4] This section is based on the Second Amended Complaint's, ECF No. 70, factual allegations.
20 *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court construes pleadings in the light most favorable to the plaintiff and accepts all material factual allegations in the complaint, as well as any reasonable inferences drawn therefrom, as true. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

none of the prison officials redacted or removed Plaintiff's name from the report before serving it on the offending inmate. *Id.* at 19.

This caused Plaintiff to be labeled "a snitch" and "a rat" and has led to Plaintiff's harassment at the hands of other inmates. *Id.* Plaintiff has been bullied, verbally assaulted, threatened, and physically confronted. *Id.* at 24. In particular, Plaintiff has had issues with James Reeder, an inmate who has repeatedly targeted Plaintiff as a result of the infraction report. *Id.* at 24-25. According to Plaintiff, Reeder has bullied and harassed Plaintiff for months. *Id.* at 25. On October 22, 2013, Plaintiff and Reeder fought and Plaintiff sustained an injury. *Id.* at 24.

None of these incidents, other than the one involving the fight with Reeder, were reported to prison staff. *Id.* This was because Plaintiff did not trust Defendants or other prison officials to maintain his anonymity and he did not want to further his reputation as a "snitch" among inmates. *Id.* Despite his failure to report these incidents through official channels, Plaintiff informally told Defendants Ruiz and Lowder of the threats he faced and believes the Defendants knew of the dangers he was facing for at least two years prior to the reported incident. *Id.* at 25. None of the Defendants took any steps to address the danger Plaintiff faced as a result of the infraction report.

//

/

ORDER - 5

## II. DISCUSSION

**A.     Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). Generally, a court's review is limited to the complaint. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Courts may, however, consider matters subject to judicial notice and documents incorporated by reference in the complaint. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court must accept the well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998.

To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). But, in this Circuit, prisoners proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

**B.     Section 1983**

"Traditionally, the requirements for relief under § 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by the conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 550 U.S. at 663. That said, the Ninth Circuit permits "plaintiffs to hold supervisors individually liable in § 1983 suits when culpable action, or inaction, is directly attributed to them." *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). A plaintiff does not have "to allege that a supervisor was physically present when the injury occurred." *Id.* Indeed, in an Eighth Amendment failure to protect suit, "[t]he supervisor's participation could include his 'own culpable action or inaction in the training, supervision, or control of his subordinates,' 'his acquiescence in the constitutional deprivations of which the complaint is made,' or 'conduct that showed a reckless or callous indifference to the rights of others.'" *Id.* (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)).

Defendants Sinclair and Lowder allege that Plaintiff has failed to adequately plead their personal participation in the matter. ECF No. 72 at 15.

ORDER **-** 7

Specifically, Defendant Sinclair believes that "Plaintiff's Complaint fails to bring forth with any specificity how he actually participated in actions against [Plaintiff]." *Id.* Defendant Lowder believes that "Plaintiff's Complaint likewise fails to plausibly allege [that he] personally participated in the failure to protect claim." *Id.* The Court agrees with Defendant Sinclair and dismisses Plaintiff's claims against him, but finds that Plaintiff has pled sufficient facts to state a § 1983 claim against Defendant Lowder.

Plaintiff alleges that Defendant Sinclair is responsible for supervising Defendants Lowder and Ruiz and for ensuring that his subordinates know how to draft and subsequently authorize infraction reports. ECF No. 70 at 7. Further, Plaintiff asserts that Defendant Sinclair's failure to properly train Defendants Lowder and Ruiz "caused the plaintiff to be exposed, and outed as an informant to other prisoners." *Id.* at 8. To substantiate these claims, Plaintiff relies on the allegations that Defendant Sinclair is responsible for authorizing and enforcing local Prison Operational Memoranda, which regulate the infraction reporting process, and that these Memoranda established insufficient safeguards to prevent the type of harm Plaintiff has suffered. *Id.* at 31.

Even after accepting these claims as true, Plaintiff has not alleged that Defendant Sinclair knew or should have known that the lack of appropriate Prison Operational Memoranda would result in unconstitutional conduct by subordinates.

ORDER **-** 8

Instead, Plaintiff believes that Defendant Ruiz and Lowder's revealing him as an informant evinces Defendant Sinclair's failure to properly train and supervise his subordinates. *Id.* at 8. This is conclusory and insufficient. Accordingly, Plaintiff's claims against Defendant Sinclair fail.

But Plaintiff does raise sufficient facts to make out a § 1983 claim against Defendant Lowder. Plaintiff alleges that Defendant Lowder was the shift lieutenant in charge of supervising the drafting and filing of Defendant Ruiz's infraction reports. *Id.* at 9. Because Defendant Lowder permitted a report that named Plaintiff as an informant to be served on another inmate, Plaintiff believes Defendant Lowder is culpable for the damage caused by the infraction report. *Id.* at 9-10. This Court finds such allegations sufficient to survive Defendants' Rule 12(b)(6) motion. Plaintiff has sufficiently alleged that Defendant Lowder's own culpable action or inaction in the supervision of Defendant Ruiz caused injury.

**C.    Eighth Amendment claim**

"'[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). But such an injury only rises to the level of an Eighth Amendment violation when "(1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Id.*

1  (quoting *Farmer*, 511 U.S. at 834). A prison official does not act with deliberate
2  indifference "unless the official knows of and disregards an excessive risk to
3  inmate health or safety." *Farmer*, 511 U.S. at 837.

4  Allegations that prison officials called an inmate a "snitch" in the presence
5  of other prisoners has been sufficient to state a claim of deliberate indifference to
6  an inmate's safety. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir.
7  1989). But such a claim can be rejected if other prisoners have not actually taken
8  affirmative steps to harm the labeled inmate. *Morgan v. MacDonald*, 41 F.3d
9  1291, 1293-94 (9th Cir. 1994).

10  Here, Plaintiff alleges that Defendant Ruiz issued an "infraction report
11  [that] listed plaintiff as the source of [a] tip, which lead to [another inmate] being
12  caught." ECF No. 70 at 19. According to Plaintiff, once this other inmate saw the
13  infraction report, he shared Plaintiff's identity with other inmates. ECF No. 71 at
14  19. This led to Plaintiff being labeled a "rat" and a "snitch," and ultimately, to
15  Plaintiff's confrontation with another inmate. ECF No. 71 at 19.

16      1.    <u>Objective prong analysis</u>

17  Defendants argue that Plaintiff cannot satisfy the first, objective prong, of
18  his Eighth Amendment claim because the only actual physical injury the Plaintiff
19  sustained was a result of a fight that he instigated. *See* ECF No. 72 at 11. ("The
20  physical injuries the Plaintiff alleges he suffered from the altercation are due to his

1   assault of offender Reeder."). Given the procedural posture of this case, however, this Court cannot make such a factual determination.

Plaintiff claims that "he has had to defend himself numerous times" as a result of Defendants' actions. ECF No. 70 at 24. As an example, Plaintiff points to his altercation with inmate Reeder, which resulted in injury. ECF No. 70 at 24. According to Plaintiff, this altercation was just one of many involving Reeder and other prisoners. ECF No. 70 at 24, 25. Defendants believe that in this confrontation "Plaintiff was the aggressor" and that "this altercation fails to show deliberate indifference or failure to protect." ECF No. 72 at 112. Plaintiff's complaint contradicts this view of the facts. At this stage of proceedings, this Court accepts Plaintiff's well-pled factual allegations as true and construes his complaint liberally. By supporting his broader allegations of harm with a specific instance of violence that resulted in injury, Plaintiff survives Defendants' Rule 12(b)(6) motion as to the first prong of his Eighth Amendment claim.

2.   Subjective prong analysis

Defendants also argue that Plaintiff has "fail[ed] to allege any facts that would show Defendant Ruiz, or any of the Defendants, were actually aware of any substantial risk of harm when the infraction was written." ECF No. 72 at 12. Defendants are correct that *Farmer* requires an official to know of and disregard "an excessive risk to inmate health or safety" to satisfy the subjective prong of the

failure to protect analysis. 511 U.S. at 837. This requires prison officials to be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the officials must also draw the inference. *See id.* Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference—i.e. that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measure to abate it—states a failure to protect claim. *Hearns*, 413 F.3d at 1041-42.

Here, Plaintiff has made such a showing. Defendants are correct that Plaintiff alleges that Defendants should have known of the risk that was created at the time the infraction was written. Defendants are also correct that Plaintiff has not shown Defendants' to be aware of substantial risk of serious harm at the time the infraction report was written. But Plaintiff has also alleged that Defendants actually knew of this risk after he sent them multiple communications and tried to follow various internal administrative channels to have the issue addressed. *See* ECF No. 70 at 16, 23-25. Construed liberally, these facts sufficiently show that prison staff knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

//

/

ORDER **-** 12

## D. Washington Administrative Code claims

Plaintiff argues that Defendants violated the Wash. Admin. Code (WAC) §§ 137-28-270; 137-28-290; and 137-28-300. These claims necessarily fail because none of the cited sections of the WAC apply to Plaintiff directly. Instead, WAC § 137-28-270 concerns the procedure for filling out a report for a serious infraction, § 137-28-290 concerns the process afforded to inmates prior to an administrative serious infraction hearing, and § 137-28-300 concerns the process for such a hearing. For Plaintiff to state a claim for the violation of one of these sections, Defendants would have had to issue him an infraction report. Plaintiff does not make such an allegation, and so he has failed to state a claim.

## E. State law negligence claim

Because Plaintiff has conceded this claim, this Court grants Defendants' motion to dismiss Plaintiff's state law negligence claim. *See* ECF No. 77 at 19.

## F. Qualified immunity

Defendants argue that they are entitled to qualified immunity. ECF No. 72 at 17. Specifically, "Defendant Ruiz reasonably believed his actions were lawful when he placed the Plaintiff's name as the source of information on the infraction report" and that "Defendant Lowder reasonably believed his actions were lawful when reviewing the infraction report." *Id.* at 19. This Court disagrees.

/

"[G]overnment officials performing discretionary function [are entitled to] a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (citations omitted). There is a two-part analysis for such claims. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). First, a court must consider whether facts "[t]aken in the light most favorable to the party asserting the injury . . . show [that] the [defendant's] conduct violated a constitutional right." *Id.* at 201. Second, a court must determine whether the right was clearly established at the time of the alleged violation. *Id.* However, even if the violated right was clearly established, it may be difficult for a defendant to determine how the relevant legal doctrine applies to the specific factual situation. *Id.* at 205. Accordingly, officials are entitled to qualified immunity in cases where the actions of a defendant are objectively reasonable in light of the facts and circumstances confronting him. *Pearson v. Callahan*, 555 U.S. 223, 244 (2009).

Here, as discussed above, Plaintiff has sufficiently alleged that Defendants violated his Eighth Amendment right. Plaintiff has also sufficiently established that this right was clearly established at the time of the violation and that Defendants did not act reasonably given the circumstances. Though Plaintiff failed to state a claim under WAC §§ 137-28-270 and 290, these administrative

sections are instructive for purposes of a qualified immunity analysis. Indeed, prison staff members are clearly instructed that in issuing an infraction report, "[c]onfidential information and the identities of confidential informants shall not be included." WAC § 137-28-270(1)(h). Also, "where reports and records contain information that might reasonably compromise the security or safety of the institution or its inmates, these reports and records shall be identified as confidential and withheld." WAC § 137-28-290(2)(f). This Court finds these directives to be abundantly clear; inmates should not be served infraction reports or other documents that list names of informants. Further, the Ninth Circuit has clearly established that prison officials labeling an inmate a "snitch" gives rise to a viable Eighth Amendment claim. *See Valandingham*, 866 F.2d at 1138. Accordingly, Defendants are not entitled to qualified immunity.

### III. <u>CONCLUSION</u>

Plaintiff has sufficiently alleged facts to state a claim against Defendants Ruiz and Lowder under 42 USC § 1983 for violations of his Eighth Amendment right. Plaintiff has not, however, sufficiently alleged that Defendant Sinclair took or failed to take any sort of individually culpable action that resulted in Plaintiff's injury. Also, Plaintiff has failed to state a claim for violations of the Washington Administrative Code or a state law negligence claim. Because the violated right was clearly established at the time of violation, Defendants Ruiz and Lowder are

not entitled to qualified immunity. Finally, Defendants do not challenge the inclusion of Defendant Warner in the suit, and so Plaintiff may proceed with his remaining claims against that defendant.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, **ECF No. 72**, is **GRANTED in part** and **DENIED in part**.
2. Plaintiff's claims against Defendant Sinclair are **DISMISSED.**
3. Plaintiff's Washington Administrative Code claims are **DISMISSED.**
4. Plaintiff's state law negligence claim is **DISMISSED.**
5. Plaintiff's Eighth Amendment claims against Defendants Ruiz, Lowder, and Warner survive Defendants' Motion to Dismiss.
6. The Clerk's Office shall issue a notice setting a telephonic scheduling conference.

///
///
///
///
//
/

**7.** The case caption is amended as follows:

JASON "J. LEE" SUTTON,

        Plaintiff,

v.

BERNARD WARNER, in his individual and official capacity; SCOTT LOWDER, in his individual and official capacity; and RAMON RUIZ, in his individual and official capacity,

        Defendants.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 20th day of August 2014.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Civil\2013\Sutton v. Ruiz-5064\draft order mot. to dismiss.lc2.docx

ORDER **-** 17