UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON LEE SUTTON,<br><br>     Plaintiff,<br><br>  v.<br><br>BERNARD WARNER, in his individual and official capacity; SCOTT LOWDER, in his individual and official capacity; and RAMON RUIZ, in his individual and official capacity,,<br><br>     Defendants. | No.   2:13-CV-5064-SMJ<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>**CLARIFYING ORDER** |

Before the Court, without oral argument, is Defendants' Motion for Reconsideration, ECF No. 105. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion. However, to avoid any confusion, the Court clarifies its previous ruling.

As indicated in the Amended Scheduling Order, ECF No. 32, motions to reconsider are disfavored. A party seeking reconsideration must make either a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h)(1), Western District of Washington. Here,

ORDER **-** 1

Defendants argue that in its Order on Plaintiff's Second Motion to Depose Two Nonparty Witnesses, ECF No. 102, the Court has ordered the Department of Corrections ("DOC") to require one of its employees to act as a deposition officer for Plaintiff. ECF No. 105 at 2. This is a misconstruction of the Court's prior order.

The Court ordered Defendants to "provide the necessary personnel and, if available, equipment for Plaintiff to conduct a telephonic deposition." ECF No. 102 at 6. The reasoning for this decision was that the "use of DOC personnel time to arrange a deposition in this case" was not so burdensome so as to preclude discovery under Rule 26(b)(2). *Id.* at 4. Based on this reasoning, it is improper to read the Court's order as requiring DOC personnel to act as a Rule 28 deposition officer for Plaintiff.

However, for the sake of clarity, the Court establishes that DOC personnel may not act as a Rule 28 deposition officer and that neither Defendants nor the DOC shall bear the costs of furnishing such an officer for Plaintiff. Further, while the Court gave preemptive leave to depose witnesses by written questions, nothing in its prior order, ECF No. 102, should be read as exempting Plaintiff from fully complying with the Federal Rules of Civil Procedure, including Rule 28.

//

/

ORDER - 2

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Reconsideration, **ECF No. 105**, is **DENIED**.

2. The Court **CLARIFIES** that DOC personnel may not act as a Rule 28 deposition officer in this case and that Plaintiff must comply with all Federal Rules of Civil Procedure, including Rule 28.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copy to counsel for Defendants and mail a conformed copy to the pro se Plaintiff.

**DATED** this 8th day of December 2014.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Civil\2013\Sutton v. Ruiz-5064\ord.recons.lc2.docx

ORDER **-** 3